1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT FOR THE

8              EASTERN DISTRICT OF CALIFORNIA

9

J&J SPORTS PRODUCTIONS, INC.,     )        1:08cv0483 LJO DLB
10                                )
                                  )        FINDINGS AND
11                                )        RECOMMENDATION
                                  )        REGARDING PLAINTIFF'S
12            Plaintiff,          )        APPLICATION FOR
                                  )        FOR DEFAULT JUDGMENT
13       vs.                      )
                                  )        (Document 19)
14   MARIA FLORES, et.al.,        )
                                  )
15                                )
             Defendants.          )
16   _____)

17       On May 22, 2009, Plaintiff J&J Sports Productions, Inc., ("Plaintiff") filed the present

18   motion for default judgment against Defendants Maria Flores and Marcos Antonio Flores,

19   individually and dba Asadero Cachanilla ("Defendants").  The motion was referred to this Court

20   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  The matter was heard on June 26,

21   2009, before the Honorable Dennis L. Beck, United States Magistrate Judge.  There were no

22   appearances on behalf of either party.

23                **FACTUAL AND PROCEDURAL BACKGROUND**

24       Plaintiff filed the instant action on April 8, 2008, against Defendants Maria Flores and

25   Marcos Antonio Flores, individually and dba Asadero Cachanilla.  The complaint alleges violations

26   of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as a state law cause of action for conversion, based

27   on Defendants' alleged unlawful interception, receiving, and exhibiting of "Marco Antonio Barrera

28                                    1

III v. Mzonke Fana World Super Featherweight Championship Fight Program" (the "Program"), which took place on April 9, 2005. According to the complaint, Plaintiff was the exclusive commercial distributor of the Program.

The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received and exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain. Plaintiff seeks $100,000 in statutory damages as well as attorneys' fees and costs. The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations. Plaintiff requests $50,000 in statutory damages, as well as attorneys' fees and costs. The Third Cause of Action for conversion alleges that Defendants tortiously obtained possession of the Program and wrongfully converted it for their own benefit. Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress. Plaintiff seeks compensatory damages, attorneys' fees and costs.

On February 18, 2009, Plaintiff filed a proof of service indicating that Defendants were served by substituted service on January 22, 2009.

On March 18, 2009, pursuant to Plaintiff's request, the Court entered default against both Defendants.

Plaintiff filed the instant motion on May 22, 2009.

Defendants did not oppose the motion.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2)      By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such

2

references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## DISCUSSION

Pursuant to the proof of service filed with the Court on February 18, 2009, Defendants were served on January 22, 2009.

Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Declaration of Thomas P. Riley, ¶ 3.

The Clerk entered default on March 18, 2009.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605 and 47 U.S.C. § 553. Plaintiff requests damages of $50,000 for each statutory violation, arguing that persistent piracy of signals costs it, its customers and the community millions of dollars annually. While the Court recognizes that the deterrence of future violations is an important objective of the statutes at issue, the instant violations do not warrant such a large award. The facts before the Court show that Defendants' conduct had a relatively small impact. Alan Meindersee, the investigator, conducted three head counts while he was at Defendants' establishment, which were 35/35/33. There was no cover charge. Nor is there proof that Defendants profited from their actions. Accordingly, the Court finds that $10,000 per statutory violation is an appropriate remedy.

3

## RECOMMENDATION

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendants, and RECOMMENDS that damages in the total amount of $20,000.00 be fixed as follows:

1)      For violation of 47 U.S.C. section 605, the sum of $10,000; and

2)      For violation of 47 U.S.C. section 553, the sum of $10,000.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).


IT IS SO ORDERED.

**Dated:    June 26, 2009                            /s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE